779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIE BELL MOORE, Petitioner-Appellant,
v.
WILLIAM ABSHIRE, WARDEN RIVERSIDE CORRECTIONAL FACILITY,
Respondent-Appellee.
 85-1350
 United States Court of Appeals, Sixth Circuit.
 10/7/85
 
 AFFIRMED
 W.D.Mich.
 ORDER
 BEFORE: MARTIN and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 The petitioner appeals the judgment denying his pro se petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The petitioner was indicted for the offense of sexual criminal conduct in the first degree. Following the close of the prosecution's case at trial, the trial judge sua sponte raised two possible grounds for a declaration of mistrial. She first noted the presence on the jury of jurors who had served the prior week in a trial involving the same criminal offense. They were therefore subject to dismissal for cause under Michigan General Court Rule 511.4(7). She also expressed her belief that defense counsel had rendered ineffective assistance by failing to file a sufficient notice of alibi, thereby denying the petitioner his purported defense. The trial judge offered defense counsel an opportunity to move for a mistrial and counsel immediately made such a motion for the reasons stated by the trial judge. The motion was granted over the prosecution's objections.
 
 
 3
 Prior to a second trial, the petitioner entered a plea of nolo contendere to a lesser included offense of criminal sexual conduct in the third degree. He was sentenced to ten years imprisonment. He thereafter filed a motion to have the conviction set aside on grounds his prosecution following the mistrial was barred under the double jeopardy clause. The trial court rejected that assertion, concluding the petitioner had consented to the mistrial and could not raise a double jeopardy argument. The Michigan Court of Appeals affirmed and the Michigan Supreme Court denied leave to appeal thereto.
 
 
 4
 The petitioner raises the same issue in this habeas action. The district court denied relief on grounds (1) the petitioner consented to the mistrial, and (2) there was manifest necessity for the declaration of a mistrial even in the absence of such consent. This timely appeal followed.
 
 
 5
 This Court has carefully reviewed the record of the proceedings below, including the relevant portions of the state trial transcript. For the reasons stated by the Magistrate in his report and recommendation of July 31, 1984 and by the district court in its opinion of April 15, 1985, we conclude the district court did not err in finding the petitioner's subsequent prosecution, resulting in his plea of nolo contendere, not to have been barred under the double jeopardy clause. Therefore,
 
 
 6
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 7
 Upon examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 8
 It is further ORDERED that the district court's judgment of April 15, 1985 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.